**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5888

CALVIN KEITH VALRIE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-95-70)

Submitted: July 9, 1996

Decided: March 18, 1997

Before WIDENER and ERVIN, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Kevin Michael Schork, EPPERLY, FOLLIS & SCHORK, P.C., Rich-
mond, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, Nicholas S. Altimari, Assistant United States Attorney, Richard
Brindisi, Third-Year Law Student, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Calvin Valrie was convicted by a jury of possession of over fifty grams of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1994); use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) and (2) (West Supp. 1996); and possession of a firearm after being previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (1994). We affirm in part, vacate in part, and remand to the district court for further proceedings consistent with this opinion.

In March 1995, officers of the Richmond City Police responded to a residence in reference to an armed person. The tenant consented to a search and, upon entering the apartment, an officer saw Valrie peeking out from behind the upstairs bathroom. After removing Valrie, the officer found a gun and crack cocaine on the floor of the bathroom.

On appeal, Valrie claims that the district court erred in denying his motion for judgment of acquittal on the charge of possession with intent to distribute, because the Government failed to prove that Valrie had constructive possession of the cocaine found on the bathroom floor. Valrie also filed a pro se supplemental brief and a supplemental brief claiming that his § 924(c) conviction was improper in light of Bailey v. United States, ___ U.S. #6D 6D6D#, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492).

This court reviews a denial of a motion for judgment of acquittal under a sufficiency of the evidence standard. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.). To sustain a conviction, the evidence, viewed in the light most favorable to the government, must be sufficient for a rational jury to find the essential elements of the crime beyond a reasonable doubt. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993).

2

"Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item," United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980), and has knowledge of the item's presence. United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992). Looking at the evidence in the light most favorable to the Government, the testimony of the officer who saw Valrie in the bathroom is sufficient to establish the elements of constructive possession and is therefore sufficient to support Valrie's conviction of possession of crack cocaine with intent to distribute.

Valrie also asserts that another witness testified that Valrie was not in the bathroom when the officers arrived. However, the assessment of a witness's credibility is for the jury and is not reviewable by this Court. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Turning to Valrie's claim that he was improperly convicted under § 924(c)(1), at Valrie's jury trial the district court instructed the jury on the "use or carrying" of a firearm in violation of § 924(c)(1) without specific instructions on either term, leaving the jury with the impression that possession of the gun in itself was sufficient to convict. However, in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492), the Supreme Court defined "use" as "active employment." Thus, it cannot be determined from the district court's instructions upon which prong of § 924(c)(1) the jury based its verdict.

We therefore find that Valrie's conviction for use of a firearm during and in relation to a drug trafficking crime cannot stand in light of Bailey. See United States v. Smith, 94 F.2d 122, 124 (4th Cir. 1996). We therefore vacate Valrie's § 924(c) conviction and remand for a new trial on that count with instructions to distinguish between "use" and "carry" in light of Bailey. We affirm Valrie's other convictions.

We grant Valrie's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

3